1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   ARTURO VALENCIA, et al.,              )        Case No.: C 07-1118 PVT
                                           )
13                   Plaintiffs,           )        **ORDER TO SHOW CAUSE WHY THE**
                                           )        **CLAIMS OF ALL PLAINTIFFS OTHER THAN**
14           v.                            )        **CESAR SANTACRUZ SHOULD NOT BE**
                                           )        **DISMISSED WITHOUT PREJUDICE; AND**
15   FRENCH CONNECTION BAKERY, INC.,       )
     et al.,                               )        **ORDER RE-REFERRING CASE TO COURT**
16                                         )        **MEDIATION AND FURTHER CONTINUING**
                     Defendants.           )        **CASE MANAGEMENT CONFERENCE**
17   _____)

18          On November 30, 2007, this court issued an order that stayed the case, continued the Case

19   Management Conference, and directed those Plaintiffs who wished to continue litigating this matter

20   to file a "Consent to Be Party Plaintiff" no later than December 14, 2007.[1]  As of the date of this

21   order, the only Plaintiff who has filed a "Consent to Be Party Plaintiff" is Cesar Santacruz.

22   Therefore,

23          IT IS HEREBY ORDERED that, no later than January 8, 2008, any party who objects to the

24   claims of Plaintiffs Arturo Valencia, Javier Santacruz, Edgar Santacruz, and Freddy Gomez being

25   dismissed without prejudice for failure to file a "Consent to Be Party Plaintiff" shall file a

26   declaration showing cause, if any exists, why those Plaintiffs' claims should not be so dismissed.

27

28   _____
             [1]        The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                        ORDER, *page 1*

1  IT IS FURTHER ORDERED that Plaintiff Cesar Santacruz and Defendants are again

2 referred to this court's mediation program. Counsel for these parties shall promptly contact the

3 court's ADR department to make the necessary arrangements. The parties shall make diligent efforts

4 to schedule the mediation to occur no later than February 11, 2008. In the event the case settles, the

5 parties shall promptly file a stipulated request for either dismissal or entry of judgment (whichever

6 applies), along with a joint statement supporting the fairness of the settlement.[2] *See, e.g., Barrentine*

7 *v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (noting that wage claims under the Fair

8 Labor Standards Act are non-waivable); *See also, Lynn's Food Stores, Inc. v. United States*, et al.,

9 679 F. 2d 1350, 1352-53 (11th Cir. 1982) (indicating that a district court may approve a settlement of

10 FLSA wage claims only after scrutinizing the settlement for fairness); *see also, Zhou v. Wang's*

11 *Restaurant*, 2007 WL 2298046 (N.D.Cal. Aug. 08, 2007). In order to facilitate the mediation of

12 Cesar Santacruz' claims, no later than January 3, 2008 Plaintiff's counsel shall provide to Defense

13 counsel copies of the documents disclosed in Plaintiff's initial disclosures, as discussed at the

14 October 2, 2007 Case Management Conference in this matter. At this time Plaintiff's counsel need

15 only provide copies of documents that relate to Plaintiff Cesar Santacruz' claims, and need not

16 provide copies of documents that relate solely to Arturo Valencia, Javier Santacruz, Edgar Santacruz

17 or Freddy Gomez.

18  IT IS FURTHER ORDERED that the Case Management Conference in this matter is

19 continued to February 19, 2008. The parties shall file a supplemental Joint Case Management

20 Conference Statement no later than February 12, 2008.

21 Dated: *12/18/07*

22

23 PATRICIA V. TRUMBULL
United States Magistrate Judge

24

25

---

26  [2] No similar statement of fairness is necessary with regard to the other four Plaintiffs,
because none of them have filed a "Consent to Be Party Plaintiff." *See* 29 U.S.C. § 216(b) ("No
27 employee shall be a party plaintiff to any such action unless he gives his consent in writing to become
such a party and such consent is filed in the court in which such action is brought.") Moreover, a
28 dismissal without prejudice will not effect a waiver of their FLSA claims, and they will remain free to
pursue those claims if they so chose.