UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTURO VALENCIA, et al., <br>             Plaintiffs, <br>     v. <br> FRENCH CONNECTION BAKERY, INC., et al., <br>             Defendants. | Case No.: C 07-1118 PVT <br><br> **ORDER OVERRULING PLAINTIFF CESAR SANTACRUZ' OBJECTION, AND DISMISSING THE CLAIMS OF PLAINTIFFS ARTURO VALENCIA, JAVIER SANTACRUZ, EDGAR SANTACRUZ, AND FREDDY GOMEZ** |

**I.     INTRODUCTION**

On November 30, 2007, this court issued an order that, among other things, directed those Plaintiffs who wished to continue litigating their claims to file a "Consent to Be Party Plaintiff" no later than December 14, 2007. Only Plaintiff Cesar Santacruz filed a "Consent to Be Party Plaintiff." Thus, on December 18, 2007, this court issued an Order to Show Cause Why the Claims of All Plaintiffs Other than Cesar Santacruz Should Not Be Dismissed Without Prejudice ("Order to Show Cause"). Plaintiff Cesar Santacruz has filed an objection to the claims of the other Plaintiffs being dismissed without prejudice. No other party responded to the Order to Show Cause. Based on the file herein,

IT IS HEREBY ORDERED that Plaintiff Cesar Santacruz' objection is OVERRULED, and the claims of Arturo Valencia, Javier Santacruz, Edgar Santacruz, and Freddy Gomez (the

"Dismissed Plaintiffs") are DISMISSED, without prejudice.[1]  Although it appears Plaintiff Cesar Santacruz is correct in his assertion that the "filed written consent" requirement of Section 26(b) applies only to collective actions,[2] dismissal of these four Plaintiffs' claims is nonetheless warranted because: 1) these four Plaintiffs have failed to prosecute their claims; 2) dismissal without prejudice will not constitute an impermissible waiver of their claims under the Fair Labor Standards Act ("FLSA" or "Act"); and 3) Plaintiff Cesar Santacruz is not authorized to prosecute these four Plaintiffs' FLSA claims without their participation, and he lacks standing to prosecute their non-FLSA claims.  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962) (court may dismiss case *sua sponte*, even without notice, "when circumstances make such action appropriate").

**II.  DISCUSSION**

**A.  DISMISSAL OF THE DISMISSED PLAINTIFFS' CLAIMS IS WARRANTED BASED ON THEIR FAILURE TO COMPLY WITH COURT ORDERS, PARTICIPATE IN THIS CASE AND PROSECUTE THEIR CLAIMS**

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal of claims where a plaintiff either fails to prosecute or to comply with a court order.  *See* FED. R. CIV. PRO. 41(b); *see also, Link*, 370 U.S. at 630-33.  In the present case, the Dismissed Plaintiffs failed to, among other things: 1) comply with this court's July 31, 2007 order directing the parties to participate in court-sponsored mediation; 2) file a response (even if only an objection) on their own behalf[3] to this court's requirement that they file a Consent to be Party Plaintiff; and 3) file a response to the Order to Show Cause.  Moreover, numerous statements in the record indicate that the Dismissed Plaintiffs no longer wish to participate in this lawsuit, and that they are no longer in

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] While Section 216(b) appears on its face to require all plaintiffs in FLSA unpaid overtime cases to file written consent to be party plaintiffs with the court, the Department of Labor and at least one circuit court of appeals have interpreted the statute as requiring such consents be filed only in collective actions.  *See* 29 C.F.R. § 790.20 ("With respect to these [collective] actions, the amendment provides that no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought."); *see also, Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1134-35 (5th Cir. 1984) ("It is clear that a plaintiff does not need to file a written consent if an individual action is maintained.")

[3] Plaintiff Cesar Santacruz does not have standing to assert objections on the other Plaintiffs' behalf.

communication with their attorney. (*See, e.g.* Defendants' Case Management Conference statement, filed herein on 9/25/07, and Plaintiffs' Case Management Conference statement, filed herein on 10/1/07.)

In determining whether to dismiss a case for lack of prosecution, courts weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[4]

In this case, the first three factors weigh in favor of dismissal. It is not in the public's interest to continue expending court time and resources on claims which a plaintiff has abandoned. The court would not be well-served maintaining such abandoned claims on its docket. And the risk of prejudice to the Defendants is high, given the likely difficulty they would encounter in trying to obtain discovery from the missing Plaintiffs.

The fourth factor, the merit of the claims, is of less importance where a plaintiff has himself abandoned his claims and the court dismisses the action *without* prejudice.

The fifth factor is immaterial in this situation because the dismissal is not being imposed as a "sanction," but rather as an acknowledgment that the four Dismissed Plaintiffs have abandoned this action.

Having weighed the relevant factors, under all the circumstances of this case, the court finds that dismissal of these Plaintiffs' claims for failure to prosecute is warranted.

**B. DISMISSAL WITHOUT PREJUDICE DOES NOT CONSTITUTE AN IMPERMISSIBLE WAIVER OF THE DISMISSED PLAINTIFFS' FLSA CLAIMS**

The FLSA requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). If an employer violates that requirement, the

---

[4] The court is aware that most Ninth Circuit cases assessing the propriety of *sua sponte* dismissal focus primarily on unreasonable delay. *See, e.g., Henderson*, 779 F.2d 1421. However, the court has found no case that addresses the propriety of *sua sponte* dismissal where, as here, it appears from the record that a plaintiff has abandoned his claims and only his attorney seeks to continue litigating those claims.

employer is liable to the affected employee(s) in the amount of their unpaid overtime compensation along with liquidated damages in an equal amount. *See* 29 U.S.C. § 216(b) (hereinafter "Section 216(b)"). The Act authorizes employees to sue their employer to recover that liability. *Id.*

An employee's claims under the FLSA are non-waivable, and thus may not be settled without supervision of either the Secretary of Labor or a district court. *See Yue Zhou v. Wang's Restaurant*, 2007 WL 172308 at * 1 (N.D.Cal. 2007); *see also, Lynn's Food Stores, Inc. v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982). Where parties do not make any showing of fairness, dismissing FLSA claims *with prejudice* would be tantamount to allowing the employee to waive his claims without the supervision of either the Secretary of Labor or the court. However, as discussed above, dismissal is warranted when a plaintiff fails to prosecute his case. *See* FED.R.CIV.PRO. 41(b), *see also Link*, 370 U.S. at 630-33. Thus, the court finds it appropriate to dismiss the Dismissed Plaintiffs' claims *without prejudice*.

Plaintiff Cesar Santacruz argues that dismissal, even if it is without prejudice, constitutes an impermissible waiver of the Dismissed Plaintiffs' FLSA claims because their claims for any hours worked more than two years ago will be barred by the FLSA's statute of limitations. *See* 29 U.S.C. § 255 (prescribing a two-year limitation for FLSA violations generally, and a three-year limitation for willful violations). However, deeming the operation of the statute of limitations to be an "impermissible" waiver would be inconsistent with the fact that the FLSA has a statute of limitations at all. Further, federal law recognizes equitable tolling of the FLSA's statute of limitations in certain instances. *See Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds, 493 U.S. 165 (1989). Thus, it is not even certain that the statute of limitations would operate to bar the Dismissed Plaintiffs' claims should they later choose to re-file their complaint. In any event, to the extent such claims would be barred, the operation of the statute of limitations is a *permissible* "waiver" of the claims by virtue of the fact Congress chose to impose a statute of limitations on an employees' FLSA claims.

### C. PLAINTIFF CESAR SANTACRUZ CANNOT CONTINUE TO PROSECUTE THE DISMISSED PLAINTIFFS' INDIVIDUAL CLAIMS WITHOUT THEIR PARTICIPATION

Plaintiff Cesar Santacruz also argues that it would be "practical" to allow him to continue to

prosecute the Dismissed Plaintiffs' individual claims.  He cites no legal authority for such a procedure.  The FLSA *does* provide for *collective* actions.  However, in a collective action all party plaintiffs and all other claimants must file with the court a written consent to be parties.  *See* 29 U.S.C. §§ 216(b) & 256.  Plaintiff Cesar Santacruz cannot make an end run around that requirement by improperly trying to prosecute the Dismissed Plaintiffs' individual claims without their participation.[5]

As to the Dismissed Plaintiffs' non-FLSA claims, Plaintiff Cesar Santacruz has not established that he has standing to prosecute those claims.  *See, e.g., Shah v. Wilco Sys., Inc.*, 2001 WL 1006722, at *4 (S.D.N.Y. 2001) ("to the extent plaintiffs intend to assert these [discrimination] claims as individuals, they are clearly inadequate because plaintiffs have suffered no injury on behalf of such other employees, and accordingly lack standing to assert such claims").

### III. CONCLUSION

The four Dismissed Plaintiffs have apparently abandoned this lawsuit.  Under the circumstances of this case, and the requirements of the FLSA, dismissal of those Plaintiffs' claims without prejudice is warranted.

Dated: *1/15/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[5] Such a procedure would also unfairly prejudice Defendants' ability to take discovery from the missing Plaintiffs.