UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CESAR SANTACRUZ, JAVIER VALENCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FRENCH CONNECTION BAKERY, INC., et al., <br><br> Defendants. | Case No.: C 07-1118 PVT <br> Case No.: C 08-0996 PVT <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION WITH RESPECT TO CESAR SANTACRUZ'S CLAIMS** |

On June 8, 2008, Plaintiffs filed a Motion for Summary Adjudication with Respect to Cesar Santacruz's Claims. Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted, and the file herein,

IT IS HEREBY ORDERED that Plaintiffs' motion is DENIED.

In this motion, Plaintiffs seek summary adjudication of the following matters:

1. Whether Defendants failed to keep accurate records with respect to of hours worked by Plaintiff Cesar Stantacruz;

2. Whether Defendants failed to keep accurate records with respect to employment period of Plaintiff Cesar Santacruz;

3. Whether Plaintiff Cesar Santacruz worked on average 6 days a week 13 hours a day;

4. What dates Plaintiff Cesar Santacruz was employed by Defendants;

5. Whether Plaintiff Cesar Santacruz was deprived of meal periods to which he was entitled;

6. Whether Plaintiff Cesar Santacruz is entitled to liquidated damages;

7. Whether Plaintiff Cesar Santacruz is entitled to penalty under Labor Code § 203 equal to 30 days' wage;

8. Whether individual Defendants Amirali Amini Alibadi and Soudabeh Aliabadi are liable to Plaintiff Cesar Santacruz as his employer for unpaid overtime under FLSA; and

9. Whether Plaintiff Cesar Santacruz is entitled to interest on the unpaid overtime and unpaid meal premiums at the rate of 10% per annum.

Summary adjudication is not warranted for any of the foregoing issues because Plaintiffs have failed to show that there is no genuine issue of material fact with regard to whether or not he has been paid properly for all of the hours he worked.

## I. FACTUAL BACKGROUND

Plaintiff Cesar Santacruz ("Santacruz") is a former employee of Defendant, French Connection Bakery Inc. ("French Connection"). Santacruz claims he worked, on average, 13 hours a day, 6 days a week. Santacruz claims he worked for French Connection for about 1 month in 2002, about 7 months in 2003, and then from May 17, 2005 to October 26, 2006. Santacruz also claims he was not allowed to take an undisturbed 30-minute meal break for every 5 hours worked. Finally, Santacruz claims French Connection did not keep accurate time records.

Defendants claim Santacruz worked only 4 to 8 hours, 5 to 6 days a week, and only from February 12, 2006 to October 26, 2006. Defendants also claim Santacruz was allowed to, and did, take appropriate meal breaks. Finally, Defendants claim that they did keep accurate time records.

## II. LEGAL STANDARD

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *See Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the

Case 5:07-cv-01118-PVT   Document 90   Filed 07/27/09   Page 3 of 4

undisputed facts, he is entitled to judgment as a matter of law. *Id*. at 322. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. "If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything..." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Declarations submitted in support of summary judgment must be made on personal knowledge, must set forth facts that would be admissible evidence, and must show that the declarant is competent to testify to the matters stated. *See* FED.R.CIV.PRO. 56(e)(1). Any documentary evidence referred to in a declaration must be supported by a sworn or certified copy attached to or served with the declaration. *Ibid.* "Witness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator." *See Jack v. Trans World Airlines*, 854 F.Supp. 654, 659 (N.D.Cal. 1994).

**III.   DISCUSSION**

Plaintiffs' motion depends on the declarations of three non-English speakers. However, those declarations cannot be considered by the court in connection with this motion, because they do not satisfy the requirement that testimony translated from a foreign language be properly authenticated, and any interpretation be shown to be an accurate translation by a competent translator.[1] *See Jack v. Trans World Airlines*, 854 F.Supp. at 659. Because the declarations are deficient, the documents attached to the declarations are not properly authenticated, and also cannot be considered. *See* CIVIL L.R. 7-5(a). Thus, Plaintiffs have not met their initial burden of showing that no genuine issue of material fact exists for trial, and that based on the undisputed facts, he is

---

[1] This failure to follow proper procedures is particularly troubling in light of the fact Plaintiffs' attorney was made aware of this requirement in another case less than two years ago. *See Cai v. Fishi Cafe, Inc.*, 2007 WL 2781242 (N.D. Cal.,2007). Counsel is cautioned that filing patently defective motions which multiply proceedings unnecessarily and vexatiously can result in sanctions under 28 U.S.C. § 1927. The court notes that Defendants have requested sanctions. However, any such request must be made by separate motion. *See* CIVIL L.R. 7-8(a).

ORDER, *page 3*

1  entitled to judgment as a matter of law.  *See Celotex v. Catrett*, 477 U.S. at 322.

2  Moreover, even if Plaintiffs' declarations contained admissible evidence, Defendants have
3  submitted evidence that creates genuine issue of material fact for trial regarding all of the matters put
4  at issue in this motion other than: 1) the issue of whether Santacruz was allowed to take undisturbed
5  meal periods each time he was entitled to one;[2] and 2) the issue of whether the individual Defendants
6  are personally liable for any unpaid overtime.[3]

**IV.  CONCLUSION**

Because Plaintiffs' motion is dependant on defective declarations, summary adjudication is not warranted.  This order is without prejudice to Plaintiffs filing a new motion for summary adjudication with regard solely to the issue of whether Plaintiff Santacruz was allowed to take all of the undisturbed 30 minute meal breaks he was entitled to take.  Plaintiffs must support any such motion with proper Spanish language declarations that are supported by certified translations which are shown to have been prepared by a competent translator.

Dated: *7/24/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]  The only evidence Defendants submit to counter Plaintiffs' evidence on this issue is the declaration of Defendant Amirali Amini Alibadi, who does not appear to base his testimony on first hand knowledge.  The lack of any declaration from the individual Plaintiffs claim interfered with the breaks, Defendant Soudabeh Aliabadi is significant in this regard.

[3]  Defendants do not appear to dispute the legal proposition that the individual Defendants had sufficient control over Santacruz's work to render them liable for any unpaid overtime.  However, because Plaintiff has not established with this motion that there is any unpaid overtime due, summary adjudication of this issue is not warranted at this time.